IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01114-RPM-MEH

FEDERAL FRUIT & PRODUCE CO.,

        Plaintiff,
v.

RED TOMATO, INC., and
JESSICA LIOTTA,

        Defendants.
_____

ORDER FOR FINAL JUDGMENT AS TO DEFENDANT RED TOMATO, INC.
_____

      Upon consideration of the Recommendation on Motion for Default Judgment, filed by United States Magistrate Judge Michael E. Hegarty on September 17, 2008, this Court's Order to Show Cause, entered February 5, 2009, the plaintiff's Response to Order to Show Cause filed February 27, 2009, and the plaintiff's Supplemental Response to Order to Show Cause, filed March 18, 2009, together with the statements of counsel at the hearing held today, including those of Thomas Kelley, attorney for Jessica Liotta, a debtor in bankruptcy and subject to the stay of proceedings under the Bankruptcy Code and it appearing that Red Tomato, Inc., was incorporated as a Colorado corporation and that there are assets of that corporation that may be subject to the trust under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499 *et seq.,* the Court now adopts the findings and conclusions in the recommendation of Magistrate Judge Hegarty and incorporates them by this reference. It is therefore

ORDERED AND ADJUDGED:

That Judgment is hereby entered in favor of Plaintiff Federal Fruit & Produce Co. and against Defendant Red Tomato, Inc. d/b/a Red Tomato Specialty Produce in the principal amount of $93,796.49, plus pre-judgment interest of $11,394.12, attorneys fees and costs of $6,370.27, and post-judgment interest pursuant to 28 U.S.C. §1961 at the rate of .70% per annum;

That Defendant violated the PACA and the Regulations promulgated thereunder by failing to preserve the statutory trust for the Plaintiff's benefit under PACA;

That Defendant, its agents, servants and employees are ordered to turn over to Plaintiff's counsel for distribution to Federal Fruit & Produce Co. all proceeds of produce sales of Defendant, all accounts receivable generated by produce sales of Defendant, and all assets into which these proceeds have been commingled to the extent that Plaintiff is paid in full as required by 7 U.S.C. §499(e)(c)2; and

That the Court hereby enters this final Judgment against Defendant as provided in Fed. R. Civ. P. 54(b). Plaintiff is not a party to any pending counterclaims or cross claims in this Court, and therefore the rights between Plaintiff and Defendant cannot be affected by any continued proceeding among / between any other parties. Accordingly, there is no just reason for delay in entering this final Judgment for which sums let execution issue.

DATED: March 20th, 2009

                BY THE COURT:

                s/Richard P. Matsch
                _____
                Richard P. Matsch, Senior District Judge